IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02694-BNB

CRYSTAL KOOY,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director,
DEBRA RILEY, Nurse Practitioner,
JUDY SIAZ, Nurse Practitioner, and
PAULA FRANZ,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 28 2011

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW IN PART

Plaintiff, Crystal Kooy, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Denver Women's Correctional Facility in Denver, Colorado. On October 17, 2011, Ms. Kooy, acting *pro se*, submitted to the Court a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, asserting that Defendants Debra Riley, Judy Siaz, and Paula Franz have deliberately denied her proper medical treatment. The claims Ms. Kooy asserts against Defendants Debra Riley, Judy Siaz, and Paula Franz, seeking money damages and injunctive relief, will be drawn to a district judge and to a magistrate judge.

Ms. Kooy does not state a claim against Defendant Tom Clements in Section D. "Cause of Action" of the Prisoner Complaint form. The only claim Ms. Kooy asserts in Section A. "Parties" against Defendant Clements is that he is "responsible for my Safedy [sic] & Security & Medical needs throughout Colorado Penal Institutions." Ms. Kooy must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation,

Ms. Kooy must name and show how named defendants caused a deprivation of her federal rights. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. See *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Ms. Kooy fails to assert how Defendant Clements personally participated in the alleged constitutional violations. Ms. Kooy's assertions are based only on Defendant Clements' supervisory position. Defendant Clement, therefore, will be dismissed from the action. Accordingly, it is

ORDERED that the Complaint and claims asserted against Defendants Debra Riley, Judy Siaz, and Paula Franz shall be drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that Defendant Tom Clements is dismissed from the action.

DATED at Denver, Colorado, this __28th__ day of ___October___, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02694-BNB

Crystal Kooy
Prisoner No. 137659
DWCF
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 28, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk