**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Action No. 11-cv-02694-REB-KLM

CRYSTAL KOOY,

      Plaintiff,

v.

DEBRA RILEY,
JUDY SAIZ, and
PAULA FRANTZ,

      Defendants.

**ORDER**

**Blackburn, J.**

The following matters are before me for consideration: (1) the **Notice of Availability of a United States Magistrate Judge To Exercise Jurisdiction** [#11][1] filed December 13, 2011, by the plaintiff; and the **Notice of Availability of a United States Magistrate Judge To Exercise Jurisdiction** [#17] filed January 23, 2012, by the defendants. I construe both notices as an attempt by the parties to consent to disposition by a United States Magistrate Judge. However, the putative consents of the parties are made using forms that are no longer applicable.

The notices and consents of the parties implicate 28 U.S.C. § 636(c)(1), Fed. R. Civ. P. 73, and D.C.COLO.LCivR 72.2E. In relevant part, 28 U.S.C. § 636(c)(1) provides:

---

[1] "[#11]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

> Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

Relatedly and relevantly, Fed. R. Civ. P. 73(a) provides:

> **Trial by Consent**. When authorized under 28 U.S.C. § 636(c), a magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial.

Finally, D.C.COLO.LCivR 72.2E., which was amended effective December 1, 2011, provides:

> **Assignment**. On entry of an order of reference pursuant to 28 U.S.C. § 636(c), *the civil action will be assigned to the magistrate judge then assigned to the case*.

(Emphasis supplied).

If the parties intend to consent voluntarily to have the United States magistrate judge currently assigned to this case conduct all further proceedings in the case, including the trial, then they must voluntarily and knowingly complete and sign the "Consent to the Exercise of Jurisdiction by a United States Magistrate Judge" that appears at the bottom of the "Notice of Availability of a United States Magistrate Judge To Exercise Jurisdiction," which is Appendix M to the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, as amended effective December 1, 2011.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Notice of Availability of a United States Magistrate Judge To**

**Exercise Jurisdiction** [#11] filed December 13, 2011, by the plaintiff is **REJECTED** without prejudice;

    2. That the **Notice of Availability of a United States Magistrate Judge To Exercise Jurisdiction** [#17] filed January 23, 2012, by the defendants is **REJECTED** without prejudice; and

    3. That if the parties intend to consent voluntarily to have the United States magistrate judge currently assigned to this case conduct all further proceedings in the case, including the trial, then they must voluntarily and knowingly complete and sign the "Consent to the Exercise of Jurisdiction by a United States Magistrate Judge" that appears at the bottom of the "Notice of Availability of a United States Magistrate Judge To Exercise Jurisdiction," which is Appendix M to the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, as amended effective December 1, 2011, in the time specified in D.C.COLO.LCivR 72.2D.

    Dated January 24, 2012, at Denver, Colorado.

                                       **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge