IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02694-KLM

CRYSTAL KOOY,

Plaintiff,

v.

DEBRA RILEY, Nurse Practitioner,
JUDY SIAZ, Nurse Practitioner, and
PAULA FRANZ,

Defendants.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Order to Show Cause** [Docket No. 36]. The Court ordered Plaintiff to show cause "as to why this case should not be dismissed for her failure to comply with the Local Rules and to prosecute this lawsuit." *Order to Show Cause* [#36] at 2. Plaintiff's deadline for compliance with the Order to Show Cause was July 23, 2012. To date, Plaintiff has neither filed a response nor contacted the Court in any manner.

Although Plaintiff is proceeding in this lawsuit without an attorney, she bears the responsibility of prosecuting her case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

As noted in the Order to Show Cause, on January 27, 2012, Defendants filed a

Motion to Dismiss [#24]. On February 27, 2012, Plaintiff filed a request for an extension of time to respond to the Motion to Dismiss. [#28]. The Court denied, without prejudice, Plaintiff's request for failure to inform the Court of how much additional time she was requesting. [#33]. On February 29, 2012, Plaintiff filed a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge [#30]. She has not contacted the Court formally or informally since that date. On May 29, 2012, the Court issued a Minute Order providing Plaintiff with one last chance to respond to the pending Motion to Dismiss [#24]. On June 19, 2012, the Minute Order was returned to the Office of the Clerk with a stamp indicating that Plaintiff was no longer at the address on file with the Court. [#35].

In addition, on July 19, 2012, the Order to Show Cause sent to Plaintiff by the Clerk of the Court was also returned as undeliverable [#37]. D.C.COLO.LCivR 10.1M requires that notice of any change of address (or other contact information) be provided to the Court within five days of such change. Plaintiff is thus under a continuing obligation to inform the Court of any changes in her contact information. To date, the docket does not reflect the filing of a notice by Plaintiff regarding an address change. Because Plaintiff has failed to update her present contact information with the Court, the Court and Defendants have no means of contacting her in connection with this litigation. Further, Plaintiff has indicated that she no longer chooses to prosecute this lawsuit based on her failure to respond to the Motion to Dismiss and her failure to contact the Court in any way in nearly five months.

The Court warned Plaintiff in the Order to Show Cause that her failure to timely comply with the instruction to respond would result in dismissal due to Plaintiff's failure to comply with the Local Rules and to prosecute this lawsuit. [#36] at 2. Given Plaintiff's failure to comply with the instruction stated in the Order to Show Cause, the Court

considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[1] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Here, it is clear that Plaintiff has no intention of seeking resolution of this matter on the merits. Plaintiff has failed to update her present contact information with the Court and, thus, the Court and Defendants have no means of contacting her in connection with this litigation. Further, Plaintiff has disobeyed a direct order of the Court by failing to file a

---

[1] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

response to the Order to Show Cause regarding her intent to prosecute this case. These facts demonstrate that Plaintiff has abandoned her lawsuit, and consideration of the above-stated *Ehrenhaus* factors weigh in favor of dismissal without prejudice.[2] Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause is **MADE ABSOLUTE**. Thus,

IT IS FURTHER **ORDERED** that Plaintiff's Complaint [#1] is **DISMISSED WITHOUT PREJUDICE** and that the Clerk of the Court shall close the case.

Dated: July 30, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

[2] Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness).